Opinion by Tilson, J. It was stipulated that certain items of the merchandise consist of hats known as harvest hats similar in all material respects to those the classification of which was involved in *Caradine Hat Co.* v. *United States* (9 Cust. Ct. 69, C. D. 664). Accepting this stipulation as a statement of fact, the hats imported and withdrawn from warehouse prior to the effective date of T. D. 48075 were held dutiable at 25 percent under paragraph 1504 (b) (5), and those items imported or withdrawn from warehouse subsequent to that date were held dutiable at 12½ percent under said paragraph.

**No. 52726.**—Best & Co., Inc. *v.* United States, protests 139708–K and 140185–K (New York).

Opinion by Rao, J. It was stipulated that the merchandise covered by entries 755965 and 745520 is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). The claim at 50 percent ad valorem under paragraph 915, plus any additional duty applicable under paragraph 924, was therefore sustained.

Before the Third Division, December 9, 1948

**No. 52727.**—Air Express International, Inc. *v.* United States, protest 138925–K (Los Angeles).

Opinion by Cline, J. An examination of the record failing to disclose evidence to overcome the presumption of correctness attaching to the collector's decision, the protest was overruled.

**No. 52728.**—Dal, Inc., et al. *v.* United States, protests 21503–K, etc. (New York).

Opinion by Cline, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 52729.**—Meakin & Ridgway, Inc. *v.* United States, protests 64239–K, etc. (New York).

Opinion by Ekwall, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of

exportation (the "free" rate .of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52730.**—Maddock & Miller, Inc. *v.* United States, protests 65517–K, etc. (New York).

Opinion by EKWALL, J.  In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.  (See *John Barr* v. *United States,* 324 U. S. 83.)  In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52731.**—Wm. H. Plummer & Co., Ltd. *v.* United States, protests 68491–K, etc. (New York).

Opinion by EKWALL, J.  In accordance with' stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.  (See *John Barr* v. *United States,* 324 U. S. 83.)  In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved.

**No. 52732.**—The Emporium Capwell Company *v.* United States, protest 130845–K (San Francisco).

Opinion by EKWALL, J.  The record disclosed that on the date the protest was filed a notice of appraisement was issued to cover said invoice and that importer's notice of appeal from the appraiser's finding of value under section 501 was timely filed.  It therefore appeared that the protest was satisfied by the issuance by the collector of said notice of appraisement within the 90 days allowed under section 515.  Such action was tantamount to a cancellation of the liquidation.  It was held that there was nothing before the court for decision, the question being moot. *Goldman* v. *United States* (28 C. C. P. A. 162, C. A. D. 139) and other cases cited. The protest was therefore dismissed.